**Motion DENIED.**

This the 15th day of July, 2016.

/s/Louise W. Flanagan, U.S. District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
(WESTERN DIVISION)

VINCENT LIPSCOMB,
    Petitioner.

v.

UNITED STATES OF AMERICA,
    Respondent.

Case No.
5:11-CR-292-FL-1

SENTENCE CORRECTION

(Pursuant to Rule 35)

COME NOW, a prisoner, VINCENT LIPSCOMB, with a petition arguing his invalid sentence. Mr. Lipscomb contends that his sentence was enhanced when his probation was revoked. To the contrary, the revocation a past prior sentence should be completed; and corrected on all records of the judicial documents. Mr. Lipscomb argues that it is unconstitutional to enhance a completed sentence..."due to 'revocation'" and should be with no doubt corrected....THE DEFENDANT WAS OFF PROBATION.
Thus, the United States moved to seal such Docket from the record. Mr. Lipscomb argues that the court should not seal the current case. The defendant at the outset, argues that the court should observe that it is well settled that a motion to intervene is appropriate to assert the public's right to access to criminal proceedings. see, e.g., United States v. Arel, 533 F.3d 72, 81 (2nd Cir. 2008)(explaining that although the Federal Rules of Criminal Procedure do not expressly reference motions to intervene, such motions are commonly used to assert the public's First Amendment right to acess of criminal proceedings); United States v. Moussaoui, 65 Fed. Appx. 881, 884 (4th Cir. 2003)(granting the motion to intervene filed by a consortium of media companies and an organization for the limited purpose of obtaining access to certain portions of the court's record and oral argument). Upon a review of the motion, and the reasons stated therein, the court should allow Lipscomb to intervene for the purpose of asserting the public's First Amendment

(1)