IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CR-292-FL-1
NO. 5:17-CV-549-FL

| | | |
|---|---|---|
| VINCENT LIPSCOMB, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, (DE 55), and the government's motion to dismiss. (DE 61). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Kimberly A. Swank, entered a memorandum and recommendation ("M&R"), (DE 65), wherein it is recommended that the court deny petitioner's motion and grant respondent's motion. Petitioner filed objections to the M&R, and in this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the M&R, denies petitioner's motion, and grants respondent's motion.

**BACKGROUND**

Petitioner pled guilty, pursuant to a written plea agreement, to two counts of distribution of a quantity of cocaine in violation of 21 U.S.C. § 841(a)(1). The court sentenced petitioner on September 11, 2012, to two concurrent terms of 151 months' imprisonment. Petitioner did not appeal. On October 30, 2017, petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, asserting that his counsel was ineffective in advising him to plead guilty where he was held

liable for "drug transactions manufactured by state law enforcement agents." (Mot. (DE 55) at 12). The government moves to dismiss on the basis of untimeliness, and the magistrate judge recommends dismissal on that basis.

**DISCUSSION**

A.    Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent

2

with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

    B.    Analysis

Petitioner's motion is time barred because it was filed well outside of the one-year period of limitations required for § 2255 claims. See 28 U.S.C. § 2255(f). Although petitioner suggests that the limitations period should be equitably tolled, he has not demonstrated that "due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

Petitioner argues that the limitations period should be tolled due to his "actual innocence." (Obj. (DE 66) at 1-2). However, the basis for petitioner's claim is an error by counsel in failing to advise petitioner "about the federalism associated with the offense charged" and inapplicability of North Carolina drug laws. (Mot. (DE 55) at 12). A "lawyer's mistake in interpreting a statutory provision" will not constitute the requisite "'extraordinary circumstance' external to [petitioner] that would justify equitable tolling." Harris, 209 F.3d at 330. Moreover, "[i]t is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency," and petitioner has not met this standard here. Bousley v. United States, 523 U.S. 614, 623(1998).

Accordingly, petitioner's motion must be denied as time-barred.

C.    Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they

are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

For the foregoing reasons, the court ADOPTS the recommendation of the M&R. The government's motion to dismiss (DE 61) is GRANTED, and petitioner's motion to vacate, set aside, or correct his sentence (DE 55) is DENIED. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 12th day of July, 2018.

LOUISE W. FLANAGAN
United States District Judge